## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BALTIMORE AIRCOIL COMPANY, INC., ) <br> 7600 Dorsey Run Road, ) <br> Jessup, Maryland 20794 ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SPX COOLING TECHNOLOGIES, INC. ) <br> 7401 West 129 Street ) <br> Overland Park, KS  66213 ) <br> ) <br> Defendant. ) | Civil Action No. 1:13-cv-02053 <br><br> **Jury Trial Demanded** |

**COMPLAINT FOR PATENT INFRINGEMENT**

For its Complaint, Plaintiff Baltimore Aircoil Company, Inc. ("BAC") alleges as follows:

**THE PARTIES**

1. Plaintiff BAC is a Delaware corporation with its principal place of business at 7600 Dorsey Run Road, Jessup, Maryland 20794.

2. Upon information and belief, Defendant SPX Cooling Technologies, Inc. is a Delaware corporation with corporate headquarters located at 7401 West 129 Street, Overland Park, KS 66213.

**JURISDICTION AND VENUE**

3. This action arises under the United States Patent Laws, 35 U.S.C. § 1, et seq.

4. The Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. The Court has personal jurisdiction over Defendant as, upon information and belief, Defendant carries on continuous, systematic, and ongoing business in the district, and Defendant has committed, induced and/or contributed to acts of patent infringement in this district and whose effects are felt in the district and give rise to this action.

6. Venue is proper in the District Court for the District of Maryland pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## GENERAL ALLEGATION

7. Established in 1938, BAC is a worldwide manufacturer and marketer of heat transfer and ice thermal storage products. BAC is recognized as the world's largest manufacturer of evaporative cooling, thermal storage, and heat transfer equipment. BAC products are sold to the commercial building market as components for air conditioning systems, to the food industry for air conditioning and refrigeration applications, and to a broad range of industries for process and power installations equipment cooling.

8. BAC holds all right, title, and interest in and to United States Patent No. 7,107,782, entitled "Evaporative Heat Exchanger and Method" ("the '782 Patent"). The '782 Patent was duly and properly issued by the United States Patent & Trademark Office on September 19, 2006. A true copy of the '782 patent is attached hereto as Exhibit A.

## THE ACCUSED PRODUCTS

9. On information and belief, Defendant makes, uses, offers for sale, and/or sells fluid coolers called the Marley MH Fluid Cooler.

10. Defendant infringes at least claim 22, among others, of the '782 Patent directly, contributorily and/or by active inducement by manufacturing, using, marketing, distributing, selling, and/or offering for sale the MH Fluid Cooler.


11. Upon information and belief, Defendant's infringement of the '782 Patent has been and continues to be willful.

## COUNT I

### INFRINGEMENT OF THE '782 PATENT

12. The averments of paragraphs 1-11 of this complaint are incorporated by reference as though fully set forth herein.

13. Defendant, in violation of 35 U.S.C. §271, is directly infringing at least claim 22, among others, of the '782 Patent by making, using, selling, and/or offering to sell at least the MH Fluid Cooler without authority from BAC.

14. Defendant has induced and continues to induce others to infringe at least claim 22, among others, of the '782 Patent in violation of 35 U.S.C. § 271(b).  For example, Defendant induces its customers to infringe the '782 Patent by instructing and directing customers on the implementation and/or use of its infringing products, including the MH Fluid Cooler.  On information and belief, Defendant knew of the '782 Patent and intentionally encouraged, and continues to intentionally encourage, its customers to commit these acts with knowledge, or willful blindness, that such acts would infringe the '782 Patent.

15. Defendant has and continues to contributorily infringe at least claim 22, among others, of the '782 Patent in violation of 35 U.S.C. § 271(c).  For example, Defendant contributes to its customers' infringement of the '782 Patent by offering for sale, selling, and/or supporting the MH Fluid Cooler, which are especially designed for, incorporated into, and used in the patented methods of the '782 Patent.  The MH Fluid Coolers have no substantial noninfringing uses.  On information and belief, Defendant knew of the '782 Patent and had knowledge, or was willfully blind, that the incorporation

and/or use of the MH Fluid Cooler at customer sites would infringe the '782 Patent and that the MH Fluid Coolers have no substantial noninfringing uses.

16. Upon information and belief, Defendant's infringement of the '782 Patent has been and continues to be willful.

17. Defendants' infringement, among other things, makes this case exceptional pursuant to 35 U.S.C. §285.

18. Defendant's infringing acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to BAC for which BAC has no adequate remedy at law.  Unless preliminarily and permanently enjoined by this Court, Defendant will continue to so infringe the '782 Patent.

## PRAYER FOR RELIEF

WHEREFORE, BAC respectfully prays for the following relief:

1. The entry of judgment that the Defendant infringes the '782 Patent;

2. The entry of an order preliminarily and permanently enjoining and restraining Defendant and its parents, affiliates, subsidiaries, officers, agents, servants, employees, attorneys, successors, and assigns and all those person in active concert or participation with them or any of them, from making, importing, using, offering for sale, selling, or causing to be sold any product falling within the scope of any claim of the '782 Patent, or otherwise infringing, or contributing to or inducing infringement of any claim of the '782 Patent.

3. An award of damages adequate to compensate BAC for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention, together with interest and costs under 35 U.S.C. § 284;

4. An award of pre- and post-judgment interest on the damages assessed;

5. An award of enhanced damages pursuant to 35 U.S.C. § 284 due to the willful nature of Defendant's infringement of the '782 Patent;

6. An order declaring this case exceptional pursuant to 35 U.S.C. § 285 and an awarding BAC its reasonable attorney fees;

7. An order accounting for damages incurred by BAC; and

8. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

BAC hereby demands a trial by jury.

July 16, 2013                                              Respectfully submitted,

    /s/ *Jeffrey A. Wolfson*
Jeffrey A. Wolfson
MD Bar No. 18114
Haynes and Boone, LLP
1615 L. Street, N.W., Suite 800
Washington, DC  20036
Phone:  202-654-4565
Fax:  202-654-4501
jeff.wolfson@haynesboone.com

*Attorney for Baltimore Aircoil Company, Inc.*