IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BALTIMORE AIRCOIL COMPANY, INC., ) <br> 7600 Dorsey Run Road, ) <br> Jessup, Maryland 20794 ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SPX COOLING TECHNOLOGIES, INC. ) <br> 7401 West 129 Street ) <br> Overland Park, KS 66213 ) <br> ) <br> Defendant. ) | Civil Action No. 1:13-cv-02053 <br><br> **Jury Trial Demanded** |

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

For its Complaint, Plaintiff Baltimore Aircoil Company, Inc. ("BAC") alleges as follows:

## THE PARTIES

1. Plaintiff BAC is a Delaware corporation with its principal place of business at 7600 Dorsey Run Road, Jessup, Maryland 20794.

2. Upon information and belief, Defendant SPX Cooling Technologies, Inc. is a Delaware corporation with corporate headquarters located at 7401 West 129 Street, Overland Park, KS 66213.

## JURISDICTION AND VENUE

3. This action arises under the United States Patent Laws, 35 U.S.C. § 1, et seq.

4. The Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. The Court has personal jurisdiction over Defendant as, upon information and belief, Defendant carries on continuous, systematic, and ongoing business in the district, and Defendant has committed, induced and/or contributed to acts of patent infringement in this district and whose effects are felt in the district and give rise to this action.

6. Venue is proper in the District Court for the District of Maryland pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## GENERAL ALLEGATION

7. Established in 1938, BAC is a worldwide manufacturer of heat transfer and ice thermal storage products. BAC is recognized as the world's largest manufacturer of evaporative cooling, thermal storage, and heat transfer equipment. BAC products are sold to the commercial building market as components for air conditioning systems, to the food industry for air conditioning and refrigeration applications, and to a broad range of industries for process and power installations equipment cooling.

8. BAC holds all right, title, and interest in and to United States Patent No. 7,107,782, entitled "Evaporative Heat Exchanger and Method" ("the '782 Patent"). The '782 Patent was duly and properly issued by the United States Patent & Trademark Office on September 19, 2006. A true copy of the '782 patent is attached hereto as Exhibit A.

## THE ACCUSED PRODUCTS

9. On information and belief, Defendant makes, uses, offers for sale, and/or sells fluid coolers called the Marley MH Fluid Cooler.

10. Defendant infringes at least claim 22, among others, of the '782 Patent directly, contributorily and/or by active inducement by manufacturing, using, marketing, distributing, selling, and/or offering for sale the MH Fluid Cooler.

11. Upon information and belief, Defendant's infringement of the '782 Patent has been and continues to be willful.

## COUNT I

## INFRINGEMENT OF THE '782 PATENT

12. The averments of paragraphs 1-11 of this complaint are incorporated by reference as though fully set forth herein.

**Direct Infringement**

13. Defendant, in violation of 35 U.S.C. §271, is directly infringing at least claim 22, among others, of the '782 Patent by making, using, selling, and/or offering to sell at least the MH Fluid Cooler without authority from BAC.

**Induced Infringement**

14. Defendant has induced and continues to induce others to infringe at least claim 22, among others, of the '782 Patent in violation of 35 U.S.C. § 271(b).

15. For example, Defendant induces its customers to infringe the '782 Patent by instructing and directing customers on the implementation and/or use of its infringing products, including the MH Fluid Cooler, by means of at least product brochures and manuals. *See, e.g.,* Exhibit B.

16. Moreover, BAC and Defendant are competitors in the industry related to fluid coolers, and thus, on information and belief, Defendant had, and continues to have, knowledge of BAC's patent-marked products and evaluated, and continues to evaluate, BAC's patent-marked products for competing bids, among other things.

17. On information and belief, Defendant knew of the '782 Patent as a result of, for example, BAC's continuous and clear marking of its products with the '782 Patent under the notice provisions of 35 U.S.C. § 287 since at least January 2009.

18. In addition, on July 16, 2013 (the same day BAC filed its original complaint in this matter), BAC sent a letter (attached hereto as Exhibit C) to Gene Lowe (SPX Corporation Segment President, Thermal Equipment and Services) with a copy to Christopher Kearney (SPX Corporation Chairman, President and Chief Executive Officer) stating, "We write concerning SPX Cooling Technologies' manufacture, sale, offer for sale and use of the Marley MH Fluid Cooler ("MH Cooler") that infringes BAC's United States Patent No. 7,107,782 ("the '782 Patent")." BAC also requested Defendant to "1) immediately cease and desist all making, using, selling and/or offering for sale of the MH Cooler; 2) provide BAC with reasonable compensation for all past manufacture, use, sale or offer for sale of the MH Cooler; and 3) dispose of any MH Coolers currently in its or its distributors' possession." Defendant ultimately refused BAC's requests, and on information and belief, opted to continue its infringement of the '782 Patent.

19. Despite Defendant's knowledge of the '782 Patent and its infringement of the '782 Patent, on information and belief, Defendant intentionally encouraged, and continues to intentionally encourage, its customers to commit these acts. In doing so, Defendant acted, and continues to act, with knowledge, or willful blindness, that such conduct would infringe the '782 Patent. For example, on information and belief, Defendant provides its customers with a "Performance Warranty" for the MH Fluid Coolers, but only if the MH Fluid Cooler is "installed according to the plans" provided by Defendant.

**Contributory Infringement**

20. Defendant has and continues to contributorily infringe at least claim 22, among others, of the '782 Patent in violation of 35 U.S.C. § 271(c).

21. For example, Defendant contributes to its customers' infringement of the '782 Patent by offering for sale, selling, and/or supporting the MH Fluid Cooler, which is

especially designed for, incorporated into, and used in the patented methods of the '782 Patent. By way of example only, Defendant depicts its MH Fluid Cooler in its brochures and manuals in an almost identical fashion as Figure 6 of the '782 Patent:




**Fig. 6 of '782 Patent**          **Defendant's illustration of the MH Cooler**

22. The MH Cooler not only has the identical airflows depicted in Figure 6 of the '782 Patent (as well as claimed by at least claim 22 of the '782 Patent) but it also includes a direct evaporative heat exchange section with a plurality of fill sheets, an indirect heat exchange section with a plurality of circuits conducting a fluid stream (*i.e.* a coil), an intermediate or respray tray, and nozzles above each heat exchange section to spray water. On information and belief, Defendant designed and constructed the MH Fluid Cooler to follow the method of at least claim 22 of the ''782 patent, and intends for the MH Fluid Cooler to be used only in this manner. For example, on information and belief, Defendant provides its customers with a "Performance Warranty" for the MH Fluid Coolers, but only if the MH Fluid Cooler is "installed according to the plans" provided by Defendant. Thus, on information and belief, the MH Fluid Coolers have no substantial noninfringing uses.

23. On information and belief, Defendant knew of the '782 Patent and had knowledge, or was willfully blind, that the incorporation and/or use of the MH Fluid Cooler at customer sites would infringe the '782 Patent and that the MH Fluid Coolers have no substantial noninfringing uses (as described above).

24. For example, BAC and Defendant are competitors in the industry related to fluid coolers, and thus, on information and belief, Defendant had, and continues to have, knowledge of BAC's patent-marked products and evaluated, and continues to evaluate, BAC's patent-marked products for competing bids, among other things.

25. On information and belief, Defendant knew of the '782 Patent as a result of, for example, BAC's continuous and clear marking of its products with the '782 Patent under the notice provisions of 35 U.S.C. § 287 since at least January 2009.

26. In addition, on July 16, 2013 (the same day BAC filed its original complaint in this matter), BAC sent a letter (attached hereto as Exhibit C) to Gene Lowe (SPX Corporation Segment President, Thermal Equipment and Services) with a copy to Christopher Kearney (SPX Corporation Chairman, President and Chief Executive Officer) stating, "We write concerning SPX Cooling Technologies' manufacture, sale, offer for sale and use of the Marley MH Fluid Cooler ("MH Cooler") that infringes BAC's United States Patent No. 7,107,782 ("the '782 Patent")." BAC also requested Defendant to "1) immediately cease and desist all making, using, selling and/or offering for sale of the MH Cooler; 2) provide BAC with reasonable compensation for all past manufacture, use, sale or offer for sale of the MH Cooler; and 3) dispose of any MH Coolers currently in its or its distributors' possession." Defendant ultimately refused BAC's requests, and on information and belief, opted to continue its infringement of the '782 Patent.

**Willful Infringement**

27. Upon information and belief, Defendant's infringement of the '782 Patent has been and continues to be willful.

28. On information and belief, Defendant knew of the '782 Patent and acted despite an objectively high likelihood that its actions constituted infringement of the valid '782 Patent.

29. For example, BAC and Defendant are competitors in the industry related to fluid coolers, and thus, on information and belief, Defendant had, and continues to have, knowledge of BAC's patent-marked products and evaluated, and continues to evaluate, BAC's patent-marked products for competing bids, among other things.

30. On information and belief, Defendant knew of the '782 Patent as a result of, for example, BAC's continuous and clear marking of its products with the '782 Patent under the notice provisions of 35 U.S.C. § 287 since at least January 2009.

31. In addition, on July 16, 2013 (the same day BAC filed its original complaint in this matter), BAC sent a letter (attached hereto as Exhibit C) to Gene Lowe (SPX Corporation Segment President, Thermal Equipment and Services) with a copy to Christopher Kearney (SPX Corporation Chairman, President and Chief Executive Officer) stating, "We write concerning SPX Cooling Technologies' manufacture, sale, offer for sale and use of the Marley MH Fluid Cooler ("MH Cooler") that infringes BAC's United States Patent No. 7,107,782 ("the '782 Patent")." BAC also requested Defendant to "1) immediately cease and desist all making, using, selling and/or offering for sale of the MH Cooler; 2) provide BAC with reasonable compensation for all past manufacture, use, sale or offer for sale of the MH Cooler; and 3) dispose of any MH

Coolers currently in its or its distributors' possession." Defendant ultimately refused BAC's requests, and on information and belief, opted to continue its infringement of the '782 Patent.

32. Moreover, Defendant was, and continues to be, objectively reckless with respect to its infringement of the '782 Patent. For example, Defendant depicts its MH Fluid Cooler in its brochures and manuals in an almost identical fashion as Figure 6 of the '782 Patent:

 

**Fig. 6 of '782 Patent**          **Defendant's illustration of the MH Cooler**

33. The MH Cooler not only has the identical airflows depicted in Figure 6 of the '782 Patent (as well as claimed by at least claim 22 of the '782 Patent) but it also includes a direct evaporative heat exchange section with a plurality of fill sheets, an indirect heat exchange section with a plurality of circuits conducting a fluid stream (*i.e.* a coil), an intermediate or respray tray, and nozzles above each heat exchange section to spray water. On information and belief, Defendant designed and constructed the MH Fluid Cooler to follow the method of at least claim 22 of the '782 patent, and intends for the MH Fluid Cooler to be used only in this manner. For example, on information and belief, Defendant provides its customers with a "Performance

Warranty" for the MH Fluid Coolers, but only if the MH Fluid Cooler is "installed according to the plans" provided by Defendant.

34. On information and belief, Defendant has not, and cannot, identify any reasonable non-infringement, invalidity, or unenforceability defenses in responses to BAC's complaint for infringement. Thus, at a minimum, Defendant's acted, and continue to act, despite an objectively high likelihood that its actions infringed the '782 Patent.

35. Moreover, as discussed in the allegations above (which are incorporate hereto by reference), on information and belief, Defendant knew or should have known of this objectively high risk.

36. Defendant's infringement, among other things, makes this case exceptional pursuant to 35 U.S.C. §285.

37. Defendant's infringing acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to BAC for which BAC has no adequate remedy at law. Unless preliminarily and permanently enjoined by this Court, Defendant will continue to so infringe the '782 Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, BAC respectfully prays for the following relief:

1. The entry of judgment that the Defendant infringes the '782 Patent;

2. The entry of an order preliminarily and permanently enjoining and restraining Defendant and its parents, affiliates, subsidiaries, officers, agents, servants, employees, attorneys, successors, and assigns and all those person in active concert or participation with them or any of them, from making, importing, using, offering for sale, selling, or causing to be sold any product falling within the scope of any claim of the '782 Patent, or otherwise infringing, or contributing to or inducing infringement of any claim of the '782 Patent.

3. An award of damages adequate to compensate BAC for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention, together with interest and costs under 35 U.S.C. § 284;

4. An award of pre- and post-judgment interest on the damages assessed;

5. An award of enhanced damages pursuant to 35 U.S.C. § 284 due to the willful nature of Defendant's infringement of the '782 Patent;

6. An order declaring this case exceptional pursuant to 35 U.S.C. § 285 and an awarding BAC its reasonable attorney fees;

7. An order accounting for damages incurred by BAC; and

8. Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

BAC hereby demands a trial by jury.

October 31, 2013				Respectfully submitted,

/s/ *Jeffrey A. Wolfson*
Jeffrey A. Wolfson
MD Bar No. 18114
Haynes and Boone, LLP
1615 L. Street, N.W., Suite 800
Washington, DC  20036
Phone:  202-654-4565
Fax:  202-654-4501
jeff.wolfson@haynesboone.com

Jamie H. McDole
*admitted pro hac vice*
Stephanie N. Sivinski
*(admission pro hac vice pending)*
Haynes and Boone, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas  75219
Phone:  214-651-5121
Fax:  214-200-0867
jamie.mcdole@haynesboone.com
stephanie.sivniski@haynesboone.com

*Attorneys for Baltimore Aircoil Company, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2013, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically send an e-mail notification of such filing to counsel of record:

Elizabeth A. Scully (Bar No. 27402)
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Phone: (202) 861-1698
Fax: (202) 861-1783
Email: escully@bakerlaw.com

                                        */s/ Jeffrey A. Wolfson*
                                        Jeffrey A. Wolfson