**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| BALTIMORE AIRCOIL COMPANY, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SPX COOLING TECHNOLOGIES, INC., )<br>)<br>Defendant. )<br>) | Civil No. CCB-13-2053<br><br>**Jury Trial Demanded** |
| BALTIMORE AIRCOIL COMPANY, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SANDERSON FARMS, INC., et al. )<br>)<br>Defendants. )<br>) | Civil No. CCB-14-1525<br><br>**Jury Trial Demanded** |

## JOINT SCHEDULING ORDER AND DISCOVERY PLAN

Pursuant to the Court's decisions during a telephonic conference on August 7, 2014, this Court's July 25, 2014 Memoranda to Counsel, Local Rule 802, and Rule 26(f) of the Federal Rules of Civil Procedure, Plaintiff Baltimore Aircoil Company, Inc. ("BAC") and Defendants Sanderson Farms, Inc. and Eagle Mountain International Church Inc., d/b/a Kenneth Copeland Ministries (collectively, "Customer Defendants"), and Defendant SPX Cooling Technologies, Inc. ("SPX") (together with the Customer Defendants, collectively, "Defendants"), submit this Joint Scheduling Order and Discovery Plan.

This Joint Scheduling Order and Discovery Plan incorporates the Court's decisions made during a telephonic conference on August 7, 2014.

I.    **DESCRIPTION OF THE CASE**

    A.    **Brief Statement of Plaintiff's Claims.**

This is a patent case. BAC owns U.S. Patent No. 7,107,782 ("the '782 Patent"), which was duly issued by the United States Patent & Trademark Office ("USPTO") on September 19, 2006. On October 24, 2013, about three months after BAC filed its original Complaint in this case, Defendant SPX requested *ex parte* reexamination of the '782 Patent by the USPTO. On April 17, 2014, this Court stayed BAC's case against SPX pending the outcome of the reexamination that SPX initiated.

On June 3, 2014, after it was transferred to this Court at the Customer Defendants' suggestion, BAC's case against the Customer Defendants was also stayed pending the outcome of the reexamination that SPX initiated.

On July 14, 2014, the USPTO issued a Notice of Intent to Issue a Reexamination Certificate ("NIRC"), confirming each of claims 16–26 of the '782 Patent. Accordingly, on July 23, 2014, the parties asked this Court to lift the stay, which request this Court granted on July 25, 2014.

Defendant SPX makes, uses, offers for sale, and/or sells fluid coolers called the Marley MH Fluid Cooler. The Customer Defendants use SPX's Marley MH Fluid Coolers and, therefore, BAC alleges that each directly infringes at least claim 22 of the '782 Patent. BAC alleges that SPX infringes at least claim 22 of the '782 Patent both directly and indirectly. SPX's direct infringement is the result of its design, testing, and manufacture of the Marley MH Fluid Cooler. SPX indirectly infringes at least claim 22 of the '782 Patent because, with knowledge of the '782 Patent, it induces its customers, like the Customer Defendants, to use the Marley MH

Fluid Cooler.  SPX also indirectly infringes at least claim 22 of the '782 Patent because, with knowledge of the '782 Patent, it contributes to the infringement of at least claim 22 of the '782 Patent by others, like the Customer Defendants, through its sale and support of a product that is especially designed for, incorporated into, and used in the patented methods of the '782 Patent and which has no substantial noninfringing uses.

BAC also alleges that SPX's infringement is willful.  BAC alleges that, with knowledge of the '782 Patent, SPX has acted, and continues to act, despite an objectively high likelihood that its actions infringe the '782 Patent.  BAC further alleges that SPX knew, or should have known, of this objectively high risk.

BAC seeks at least the following relief: (i) an injunction, (ii) an award of damages adequate to compensate BAC for Defendants' infringement, (iii) pre- and post-judgment interest, (iv) enhanced damages pursuant to 35 U.S.C. § 284 for SPX's willful infringement, (v) its attorneys fees, and (vi) such other relief as the Court deems just and proper.

BAC notes that Defendants attempt to argue the merits of their alleged defense in their statement below.  BAC disagrees with many of the statements in SPX's statement, but will argue the merits of its case at the appropriate time.

    **B.**    **Brief Statement of Defendants' Defenses.**

Plaintiff Baltimore Aircoil Company, Inc., ("BAC") filed suit against SPX on July 16, 2013 alleging that SPX Cooling Technology Inc. directly and indirectly infringed at least claim 22 of the '782 patent because of its sales of the Marley MH Cooler product.  SPX denied and continues to deny BAC's claims of infringement. On January 3, 2014, BAC filed an overlapping suit in the Eastern District of Texas, asserting the same patent against the same product, but this

time naming two of SPX's customers, Eagle Mountain International Church, Inc. (a church) and Sanderson Farms, Inc. (a chicken farm) as defendants.  *Baltimore Air Co., Inc. v. Sanderson Farms, Inc. and Eagle Mountain International Church, Inc. d/b/a Kenneth Copeland Ministries*, Case No. 6:14-cv-00002 in the Eastern District of Texas, ("the *Customer* case").  BAC claimed that the filing of the Customer Suit was the direct consequence of SPX's denial of BAC's allegations related to indirect infringement.  After SPX threatened to move this Court for a preliminary injunction staying the duplicative customer suit, BAC agreed to transfer and consolidate the customer case with the present suit.  Both cases were stayed pending the outcome of reexamination proceedings.

Claims 16-22 of the '782 patent were the subject of the reexamination proceedings, and were rejected multiple times by the Examiner.  In response to the Examiner's rejections, BAC submitted well over 100 pages of argument, including lengthy Powerpoint presentations describing the patent, and also submitted a declaration from the inventor, a declaration from BAC's Chief Engineer and two declarations from a proffered expert, Jeffrey Welch, that described the '782 patent's claims and distinguished them from the asserted prior art.  In its efforts to preserve the validity of the '782 patent, BAC and its expert made numerous statements—many of which were under oath, that clearly defined what BAC considered to be the important aspects of the claimed invention that differentiated it from the prior art.  Notably, many of these features, including features BAC's own expert described as "critical" to the invention, are not present in the accused Marley MH Cooler.  Thus, BAC's accusations of infringement in this Court are inconsistent with the arguments it made to the Patent Office to

preserve the validity of the '782 patents. Defendants do not infringe the claims of the asserted patents, either directly or indirectly, under BAC's own interpretation of the '782 patent.

Further, as SPX noted in its motion to dismiss the willful infringement count of BAC's Amended Complaint (Dkt No. 32), BAC failed to state a claim for willful infringement. The Court denied SPX's motion to dismiss without prejudice in light of the stay, but with the Court's permission, SPX would like to renew that motion. SPX also notes that BAC's claim of willful infringement takes the inconsistent position that SPX allegedly should have known of its alleged infringement for years because it was a competitor of BAC, despite the fact that BAC claims that it only recently discovered the alleged infringement of SPX's product, which has been on the market for nearly eight (8) years.

BAC's delay of nearly seven years in bringing suit gives rise to a presumption of laches, which bars Plaintiff from recovering any damages prior to the filing of the suit. BAC's significant delay also demonstrates that the injunctive relief it seeks is without merit.

Defendants believe that BAC's decision to pursue its case against products that do not have the very features that BAC argued were necessary components of the invention during reexamination make this case exceptional, entitling Defendants to their attorneys' fees.

## II.   PROPOSED SCHEDULING ORDER

| Event | Date / Deadline |
|---|---|
| Scheduling Conference | Thursday, August 7, 2014 (Dkt. No. 45.) |
| Parties provide Rule 26(a)(1) Disclosures | August 21, 2014 |
| BAC Initial Disclosure of Infringement Contentions, pursuant to L.R. 804(1)(a) due | Monday, September 8, 2014 |
| BAC document production accompanying Initial Disclosure of Infringement Contentions, pursuant to L.R. 804(1)(b) due | Monday, September 8, 2014 |

Joint Scheduling Order and Discovery Plan    5

Balt. Aircoil Co., Inc. v. SPX Cooling Techs., Inc., No. 1:13-cv-02053 (D. Md.)
Balt. Aircoil Co., Inc. v. Sanderson Farms, Inc., et al., No. 1:14-cv-01525 (D. Md.)

| Event | Date / Deadline |
|---|---|
| Defendants' Invalidity Contentions, pursuant to L.R. 804(1)(c) due | Wednesday, October 8, 2014 |
| Defendants' document production accompanying Invalidity Contentions, pursuant to L.R. 804(1)(d) due | Wednesday, October 8, 2014 |
| BAC to serve Proposed Claim Construction Statement pursuant to L.R. 805(1)(b) | Wednesday, October 8, 2014 |
| Defendants to serve Responsive Claim Construction Statement pursuant to L.R. 805(1)(d) | Wednesday, November 5, 2014 |
| Deadline to meet and confer for the purpose of preparing a Joint Claim Construction Statement | Thursday, November 14, 2014 |
| Joinder of additional parties and amendment of pleading without leave of Court | Friday, November 28, 2014 |
| Joint Claim Construction Statement due | Friday, December 5, 2014 |
| Parties' Opening Claim Construction Briefs due (Defendants' Proposal) | Friday, January 9, 2015 |
| Parties' Responsive Claim Construction Briefs due (Defendants' Proposal) | Friday, February 6, 2015 |
| Status Report | Friday, February 13, 2015 |
| Claim Construction Hearing and Technology Tutorial | Friday, March 13, 2015 |
| Deadline for Settlement Conference / Mediation | May 2015 |
| Close of Fact Discovery | 45 days after Claim Construction Order |
| Expert reports on issues for which a party bears the burden of proof due | 75 days after Claim Construction Order |
| Expert reports on issues for which a party does not bear the burden of proof due | 105 days after Claim Construction Order |
| Rebuttal expert reports due | 120 days after Claim Construction Order |
| Close of expert discovery | 141 days after Claim Construction Order |
| Dispositive motions, including any *Daubert* motions, due | 155 days after Claim Construction Order |
| Responses to dispositive motions, including any *Daubert* motions, due | 176 days after Claim Construction Order |
| Replies in support of dispositive motions, including any *Daubert* motions, due | 197 days after Claim Construction Order |

**Joint Scheduling Order and Discovery Plan**   6

*Balt. Aircoil Co., Inc. v. SPX Cooling Techs., Inc.*, No. 1:13-cv-02053 (D. Md.)
*Balt. Aircoil Co., Inc. v. Sanderson Farms, Inc., et al.*, No. 1:14-cv-01525 (D. Md.)

| Event | Date / Deadline |
|---|---|
| Combined dispositive motion and *Daubert* motion hearing (if necessary) | 218 days after Claim Construction Order |
| Joint Pretrial Order, including any motions *in limine*, jury instructions, verdict forms, and *voir dire* forms, due | To be set |
| Pretrial Conference | To be set |
| Trial (approximately 5 days) | To be set |

Defendants contend that this schedule is made without prejudice to their ability to request that the case against SPX's customers, Eagle Mountain International Church and Sanderson Farms, be stayed while the litigation against SPX progresses. BAC disagrees that another stay is proper and will respond if, and when, Defendants move on this issue.

### III. DISCOVERY LIMITATIONS

The parties agree on the discovery limitations described herein. The parties further agree that they will not engage in cumulative or duplicative discovery. Each side[1] shall coordinate their discovery efforts to minimize the burden on the other side, the other parties, and all third-parties. Notwithstanding any agreement below, the parties do not waive the right to seek relief from the Court to the extent it is believed that discovery requests are unreasonable in scope, purpose or number.

---

[1] "Side" shall refer to either (i) all Plaintiffs, collectively, or (ii) all Defendants, collectively. The constituent members of each side shall coordinate their discovery efforts to minimize the burden on the other side and third-parties.

**Joint Scheduling Order and Discovery Plan**     7     *Balt. Aircoil Co., Inc. v. SPX Cooling Techs., Inc.*, No. 1:13-cv-02053 (D. Md.)
*Balt. Aircoil Co., Inc. v. Sanderson Farms, Inc., et al.*, No. 1:14-cv-01525 (D. Md.)

### A. Depositions

*1. Fact Witnesses*

Each side may take up to 70 hours of depositions. Additional deposition time may be allowed by Order of the Court. The constituent members of each side must coordinate their questioning of fact witnesses.

*2. Expert Witnesses*

The parties agree that each side will receive one deposition (i.e., one day of seven hours on the record) of each testifying expert witness of the other side. To the extent an expert submits more than one expert report, the parties will negotiate in good faith the amount of time allotted to depose such expert. The constituent members of each side must coordinate their questioning of expert witnesses to fit within the allotted time.

The parties agree that a party may serve more than one notice of deposition pursuant to Federal Rule of Civil Procedure 30(b)(6).

### B. Interrogatories

Each side shall be allowed twenty-five (25) interrogatories. A common interrogatory to all members of the opposing side shall count as one interrogatory. Each interrogatory by any constituent member of a side that is directed to fewer than all members of the opposing side (including an interrogatory directed to a single party) shall count as one interrogatory.

### C. Requests for Production

The parties agree that the Federal Rules of Civil Procedure, and not Local Rule 104(1), apply to the number of requests for production, or entering onto land, for inspection and other purposes that may be propounded by each party. There shall be no limit on the number of

requests for production, or entering onto land, for inspection and other purposes that may be propounded by a party.

### D.      Requests for Admission

The parties agree that each side may propound sixty (60) non-authentication requests for admission. The parties agree that there shall be no limit on the number of authentication requests for admission that a party may propound.

## IV.    TECHNOLOGY TUTORIAL AND CLAIM CONSTRUCTION HEARING

The parties agree that each side may present a technology tutorial at the outset of the combined Technology Tutorial and Claim Construction hearing as part of their respective presentations.

The parties agree that each side will be allotted 120 minutes to present its tutorial and argument. BAC will present first, followed by Defendants. Either side may reserve time for rebuttal.

## V.     CONFIDENTIALITY ORDER

The parties agree that a Confidentiality Order is necessary in this case. Using the Stipulated Order Regarding Confidentiality of Discovery Material under L.R. 104.13 as a guide, they are working to prepare a Proposed Confidentiality Order that specifically addresses any issues they anticipate in this case. In due course, the parties will submit their Proposed Confidentiality Order, along with any competing proposals in the event they cannot agree, for the Court's consideration.

## VI. DISCOVERY OF ELECTRONICALLY STORED INFORMATION

The parties have discussed the discovery of electronically stored documents. They have agreed that electronically stored documents will be produced in a static image format, such as in a PDF or equivalent format (for example, TIFF with load files), need not be produced in native format in the absence of a specific request and a *bona fide* articulation of need for the native format version of a particular document, and that metadata need not be produced in the absence of a specific request and a *bona fide* articulation of need for the for metadata corresponding to a particular document.

No party has an obligation to make its document production text-searchable; if, however, a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case. This provision, however, does not relieve any party of its obligation to preserve documents, information, and/or backup data as required by the Federal Rules of Civil Procedure, the Local Rules of this Court, and any applicable case law.

Absent a showing of good cause, personal digital assistants ("PDAs") and mobile phones, as well as voicemails stored locally on such devices, are deemed not reasonably accessible and need not be collected and preserved.

The parties do not need to preserve metadata that is changed during the normal course of business, such as the last date a document was opened or accessed.

The parties shall not be obligated to log communications or documents created after July 16, 2013.

The parties agree that the search for and production of responsive e-mails will be carried-out by performing searches of e-mails sent to or from a limited and agreed-upon list of individuals by using a limited and agreed-upon number of keywords.  The parties will work together to identify these custodians and keywords before collecting emails in response to discovery requests.

The parties will continue to work cooperatively to define a framework for the discovery of electronically stored information.

## VII. CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE

The parties do not consent to proceed before a United States Magistrate Judge for all proceedings.

## VIII. EARLY SETTLEMENT OR ADR CONFERENCE

The parties believe that a Court-ordered settlement conference before an independent third-party, such as a magistrate judge, that can provide a neutral evaluation of the case should be scheduled within the next two months.  The issue of whether the Customer Defendants must attend the settlement conference and, if so how, will be addressed by the mediator once mediation is scheduled.

Dated: _____          _____
                                       Catherine C. Blake
                                       UNITED STATES DISTRICT JUDGE



Dated: August 8, 2014                  Respectfully submitted,

*/s/ Elizabeth A. Scully (with Permission)*   */s/ Jeffrey A. Wolfson*

Elizabeth A. Scully (MD Bar No. 27402)    Jeffrey A. Wolfson
Kenneth J. Sheehan (800798)               MD Bar No. 18114
(admitted *pro hac vice*)                 HAYNES AND BOONE, LLP
Michael E. Anderson (800996)              800 17th Street, NW
(admitted *pro hac vice*)                 Suite 500
Ka Chun Leung                             Washington, DC 20006-3962
(admitted *pro hac vice*)                 Tel.: (202) 654-4565
BAKER & HOSTETLER LLP                     Fax: (202) 654-4268
Washington Square, Suite 1100             jeff.wolfson@haynesboone.com
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036                    Jamie H. McDole (*pro hac vice*)
Phone: (202) 861-1500                     Stephanie N. Sivinski (*pro hac vice*)
Fax: (202) 861-1783                       Michael D. Karson (*pro hac vice*)
escully@bakerlaw.com                      HAYNES AND BOONE, LLP
ksheehan@bakerlaw.com                     2323 Victory Avenue, Suite 700
manderson@bakerlaw.com                    Dallas, Texas 75219
aleung@bakerlaw.com                       Tel.: (214) 651-5000
                                          Fax: (214) 651-5940
                                          jamie.mcdole@haynesboone.com
                                          stephanie.sivinski@haynesboone.com
                                          michael.karson@haynesboone.com

*Attorneys for Defendants SPX Cooling Technologies, Inc. Eagle Mountain International Church, Inc. and Sanderson Farms, Inc.*

*Attorneys for Plaintiff Baltimore Aircoil Company, Inc.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 8, 2014, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

                                              */s/ Jeffrey A. Wolfson*
                                              Jeffrey A. Wolfson