IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BALTIMORE AIRCOIL CO., INC.    :
                               :
   v.                          :   CIVIL NO. CCB-13-2053
                               :
SPX COOLING TECHNOLOGIES, INC. :
                      ...o0o...

**MEMORANDUM**

Defendant SPX Cooling Technologies, Inc. ("SPX") moves to dismiss the claims for wilful infringement in the second amended complaint ("SAC") filed by Baltimore Aircoil Company, Inc. ("BAC"). In the SAC, BAC alleges that SPX's MH Fluid Cooler infringes certain claims of United State Patent Nos. 7,107,782 ("the '782 patent") and 6,820,685 ("the '685 patent"), both of which are held by BAC. At issue is whether BAC has sufficiently alleged wilfulness to meet the standards of Rule 12(b)(6). The court applies Fourth Circuit law to this "procedural" question. *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007).

The elements required for proof of wilful infringement, however, are established by Federal Circuit law and are stated in *In re Seagate Technology, LLC*, 497 F.3d 1360 (Fed. Cir. 2007) (*en banc*). Proof is required that "the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent" and that "this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *Id.* at 1371. A plaintiff may plead wilful infringement by alleging "facts that at a minimum, show direct infringement, i.e., that identify the patent in suit, and show the defendant's actual knowledge of the existence of the patent." *Gradient Enters., Inc. v. Skype Techs., S.A.*, 848 F. Supp. 2d 404, 409 (W.D.N.Y. 2012).

*See also Paice LLC v. Hyundai Motor Co.*, Civil No. WDQ-12-0499, 2013 WL 1316318, at *4 (D. Md. Mar. 27, 2013).[1]

BAC's allegations concerning SPX's actual knowledge of the '782 patent rely on an inference to be drawn from the companies' status as "competitors in the industry related to fluid coolers," based on which BAC contends that SPX "had, and continues to have, knowledge of BAC's patent-marked products and evaluated, and continues to evaluate, BAC's patent-marked products for competing bids, among other things." (SAC at ¶ 31.)[2] This admittedly is less specific and persuasive than the facts alleged in, e.g., *Paice*, 2013 WL 1316318, at *1-2. But the reasonableness of the inference is demonstrated by SPX's admission in its answers to interrogatories, served September 22, 2014, that it became aware of the '782 patent sometime after it was issued in 2006, probably through reports it receives on recently issued patents in the field of cooling technologies, and that it apparently examined the patent sufficiently to conclude that its product differed from the technology disclosed in the '782 patent. (BAC Opp'n Ex. 1, at 3-4.) Similarly, as to the '685 patent, in October 2014 SPX produced a copy, apparently from its own files, of the '685 patent. (*Id.* Ex. 2.) The SAC was not filed until November 26, 2014. To ignore the existence of these facts, which were known to BAC before November 26, 2014, and are consistent with its allegation that SPX had knowledge based on the relationship between the companies, would be to elevate form over substance. As the complaint also adequately alleges direct infringement (indeed, SPX does not seek to dismiss that claim in the complaint), Rule 12(b)(6) is satisfied.

---

[1] Unpublished cases are cited not as precedent but for the soundness of their reasoning.
[2] The court does not decide whether the letter BAC sent to SPX the same day its complaint was filed, but before the complaint was served, is sufficient to show the required knowledge.

Whether BAC can satisfy the *Seagate* standard after full discovery and at the motion for summary judgment stage is of course a very different question.  The motion to dismiss, however, will be denied.

A separate Order follows.

|  |  |
|---|---|
| February 10, 2015 | /S/ |
| Date | Catherine C. Blake |
|  | United States District Judge |