IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BALTIMORE AIRCOIL CO., INC.        :
                                    :
        v.                          :        CIVIL NO. CCB-13-2053
                                    :
SPX COOLING TECHNOLOGIES, INC.      :

...o0o...

**<u>MEMORANDUM</u>**

Plaintiff Baltimore Aircoil Company, Inc. ("BAC") has filed a renewed motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b) and motion for new trial (ECF No. 347), which has been fully briefed. The motions will be denied for the reasons briefly explained below.[1]

As the parties agree, judgment as a matter of law is appropriate only if "after consideration of the record as a whole in the light most favorable to the non-movant . . . the evidence presented supports only one reasonable verdict, in favor of the moving party." *Dotson v. Pfizer*, 558 F.3d 284, 292 (4th Cir. 2009). Whether to grant a new trial under Fed. R. Civ. P. 59 is a decision within the discretion of the court, but the party seeking a new trial generally should show that (1) the verdict is against the clear weight of the evidence; (2) the verdict is based on false evidence; or (3) the verdict will result in a miscarriage of justice. *Chesapeake Paper Prods. Co. v. Stone & Weber Eng'g. Corp.*, 51 F.3d 1229, 1237 (4th Cir. 1995).

First, BAC seeks judgment as a matter of law that SPX and its customers infringe claims 16 and 21 of the '782 patent. But there was substantial evidence to support the jury's finding of non-infringement. BAC focuses on whether the air flow in the direct section of the MH Fluid Cooler is "generally upwardly" but does not acknowledge, e.g., the smoke test evidence that air

---

[1] The court also has considered the arguments made in BAC's initial Rule 50 motion (ECF No. 317).

moves downwardly, nor its own statement in argument to the jury that there was evidence proving the flow was generally down. (Trial Transcript Nov. 3, 2016 at 54–57, ECF No. 344). BAC also again improperly attempts to rely on comments made by the court in the context of a summary judgment ruling rather than the actual claim construction and evidence at trial. Accordingly, the motion for judgment as a matter of law will be denied.

Second, additionally or in the alternative, BAC seeks a new trial for three reasons, none of which are persuasive. First, the court's instructions to the jury were not erroneous, nor did any argument by SPX require a curative instruction as to claims 16 and 21 and their relationship to claims 22 and 26. Second, the court's ruling that BAC's date of invention for claims 22 and 26 was July 12, 2004, was correct on summary judgment and supported by the named inventor's testimony both prior to and during trial. BAC did not present sufficient evidence of conception of the cross-flow embodiment by BAC earlier than the July 12, 2004, patent filing date. Nor is the jury's verdict as to claims 16 and 21 inconsistent with the court's ruling as to the conception date for claims 22 and 26. Third, the failure to include a reasonable royalty instruction (which is a moot issue given the jury's verdict), was justified as a discovery sanction in this case. There was no admissible evidence to submit to the jury to permit a rational finding as to damages based on a reasonable royalty theory. Accordingly, no new trial is warranted.

A separate Order follows.

| | |
|---|---|
| May 23, 2017 | /S/ |
| Date | Catherine C. Blake |
| | United States District Judge |